the rate of 2 per cent for eight and five-sixths years, that is, from March 1, 1913, to December 1, 1921.

OPINION.

TRAMMELL: There is no question between the petitioner and the respondent as to the rate of exhaustion, wear and tear, as both used the same rate. The petitioner, however, in determining the gain from the sale of the property, disregarded the exhaustion sustained, except for the two years, when he claimed deductions in his income-tax returns with respect thereto. Under the Revenue Act of 1921, it is immaterial whether the petitioner deducted any amount on account of exhaustion, wear and tear in determining his gain from the sale of property. He can not, under that Act, reduce his taxable gain from the sale of property by not claiming deductions for exhaustion, wear and tear sustained. This case is governed by the *Appeal of Even Realty Co.*, 1 B. T. A. 355. See also *Appeal of Cotton Concentration Co.*, 4 B. T. A. 121; *Appeal of Capital City Investment Co.*, 4 B. T. A. 933; *Island Line Shipping Co.* v. *Commissioner*, 4 B. T. A. 1055; and *Gertrude B. Whittemore* v. *Commissioner*, 6 B. T. A. 339.

*Judgment will be entered for the respondent.*

---

MELVIN BEHRENDS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LEOPOLD BEHRENDS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8086, 8087.    Promulgated March 15, 1927.

*Lawrence Koenigsberger, Esq.*, for the petitioners.
*Bruce A. Low, Esq.*, for the respondent.

The above two proceedings were consolidated for the purposes of trial. They involve the same facts and the same questions of law. Both of the proceedings are for the redetermination of deficiencies in income tax for the calendar year 1924. In the case of Melvin Behrends the deficiency asserted is $439.98, and in the case of Leopold Behrends the deficiency asserted is $560.26.

The deficiencies arise from the action of the respondent in disallowing 25 per cent reduction upon so much of the tax in each of the cases as is computed upon the income attributable to the calendar year 1923, the two individuals being members of a partnership which kept its books on a fiscal year basis.

No testimony was introduced, both cases being submitted on the pleadings. At the hearing the respondent admitted all of the material facts alleged in the respective petitions which had not been admitted in the answer.

### FINDINGS OF FACT.

In the case of Leopold Behrends, the total income reported by him for the calendar year 1924 is the sum of $20,781.11. Of this amount $11,853.81 represents eleven-twelfths of his share of the net income from Behrends, a partnership, for the fiscal year ended January 31, 1924. In making his return the petitioner computed his tax on said sum of $11,853.81 at 1923 rates and then deducted 25 per cent therefrom, amounting to the sum of $560.26.

In the case of Melvin Behrends, the total income reported by him for the calendar year 1924 is the sum of $13,803.11. Of this amount $11,853.81 represents eleven-twelfths of his share of the net income from Behrends, a partnership, for the fiscal year ended January 31, 1924. In making his return he computed his tax on said sum of $11,853.81 at 1923 rates, and deducted 25 per cent therefrom, amounting to $439.98.

The respondent disallowed the 25 per cent deduction claimed in the case of both of the petitioners.

### OPINION.

TRAMMELL: The decision on the question involved in these proceedings is governed by the *Appeal of Charles Colip*, 5 B. T. A. 123, and *Appeal of C. A. Weaver*, 5 B. T. A. 313.

*Judgment will be entered for the respondent.*

---

HUGO A. LINDENBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

E. J. FOX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6878, 6880. Promulgated March 15, 1927.

Evidence *held* insufficient to establish market value of goods inventoried at cost.

*C. Clive Clark, Esq.*, for the petitioners.
*J. S. Halstead, Esq.*, for the respondent.